

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# Francis Nelson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Francis Nelson v. Comm Social Security" (2009). *2009 Decisions.* Paper 1571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4074

_____

FRANCIS NELSON,

Appellant

v.

MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY

_____

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-07-cv-02622)
District Judge:  Honorable William H. Yohn

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2009

Before: BARRY, SMITH and GARTH, Circuit Judges

(Opinion filed: April 7, 2009)

_____

OPINION
_____

PER CURIAM

Francis Nelson, proceeding pro se, appeals a District Court order granting the

Commissioner of Social Security's motion for summary judgment in Nelson's appeal of a

decision denying his claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383. We will affirm.

On September 24, 1996, Nelson was injured while working at the Philadelphia International Airport. Although the details of the incident are unclear, Nelson, who was re-fueling a truck, was soaked with diesel fuel. Nelson filed an SSI application on March 10, 2007, seeking disability benefits. The Social Security Administration denied Nelson's application and his request for reconsideration. Represented by counsel, Nelson had a hearing before Administrative Law Judge Javier Arristia in July 1998. Based on evidence that Nelson was being treated for an anxiety disorder and depression, Judge Arristia vacated the denial of Nelson's request for reconsideration and remanded the case to the Social Security Administration for evaluation of a mental disorder. On remand, the Social Security Administration denied benefits. Nelson then had a hearing before Administrative Law Judge Margaret Lenzi. In September 1999, Judge Lenzi ruled that Nelson was not disabled. The Appeals Council denied Nelson's request for review, and Judge Lenzi's decision became the final decision of the Commissioner.

Nelson sought judicial review of the Commissioner's decision in District Court. In 2002, the District Court adopted the Magistrate Judge's recommendation to remand the case to Judge Lenzi to reevaluate and discuss the medical evidence, noting that there was evidence supporting a claim of mental disability. In December 2003, Judge Lenzi held a hearing and additional evidence was submitted. At the end of the hearing, Nelson's lawyer asked Judge

Lenzi to consider a closed period of disability from March 10, 1997, through January 5, 2001. On January 26, 2004, Judge Lenzi issued a fully favorable decision, deciding that Nelson was disabled by post-traumatic stress disorder from March 10, 1997 through January 31, 2001. Judge Lenzi further found that Nelson's mental impairment improved, and that, after January 31, 2001, his mental impairment no longer met the criteria of an impairment listed in the applicable regulations. Judge Lenzi found that Nelson was capable of working at several jobs and concluded that he was not disabled after January 2001. The Appeals Council denied Nelson's request for review.

Nelson sought judicial review of Judge Lenzi's January 26, 2004, decision, which was the final decision of the Commissioner. The Magistrate Judge concluded that substantial evidence supported Judge Lenzi's finding that Nelson was disabled for the closed period. The Magistrate Judge rejected any suggestion that Nelson's lawyer, an experienced attorney specializing in social security law, inadequately represented him. The Magistrate Judge also reviewed medical records that Nelson had submitted to the District Court, and determined that the records did not warrant a remand.

The District Court overruled Nelson's objections and adopted the Magistrate Judge's report and recommendation to grant the Commissioner's motion for summary judgment. The District Court also concluded that substantial evidence supported the finding that Nelson was disabled for the closed period and not thereafter, that a remand was not warranted, and that Nelson's malpractice claims against his attorney were not cognizable. This appeal followed.

We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Our review of the Commissioner's final decision is limited to determining whether that decision is supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation omitted).

Although his brief is unclear, Nelson contends that he is permanently disabled. In concluding that, after January 31, 2001, Nelson's mental impairment no longer met the criteria of an impairment listed in the applicable regulations, Judge Lenzi explained that Nelson received no mental health treatment during the period of July 1998 to December 2000. Judge Lenzi stated that Nelson had a psychiatric evaluation at the Warren E. Smith Health Center on January 5, 2001, that showed that he still had difficulty with social function, attention, concentration, and pace. Judge Lenzi explained that Nelson's functioning then began to substantially improve, noting that he had been prescribed medication, and that progress reports reflected that he was not as depressed and that he was doing well on his medication. Judge Lenzi noted that Nelson withdrew from treatment at the Warren E. Smith Health Clinic in 2001, and that a 2003 evaluation reflected an essentially normal mental status examination. Judge Lenzi also noted that a medical expert, who had reviewed Nelson's records, testified to Nelson's substantial improvement as of January 2001.

The evidence relied upon by Judge Lenzi is contained in the administrative record.

4

The medical expert also opined that, after January 5, 2001, Nelson no longer met the criteria of an impairment listed in the applicable regulations. We agree with the District Court that substantial evidence supports Judge Lenzi's conclusion that Nelson was not disabled after January 2001.[1]

We also agree, for the reasons set forth in the detailed opinion of the District Court, that a remand is not warranted based on the medical records submitted by Nelson. Finally, to the extent that Nelson asserts that his lawyer committed malpractice by requesting a closed period of disability, such a claim is not properly before us. We note that there is no evidence that Nelson's lawyer lacked authority to request a closed period of disability. To the contrary, Nelson's lawyer told Judge Lenzi that he had consulted with Nelson and that he had authority to accept a closed period of disability.

Accordingly, we will affirm the order of the District Court.

---

[1]To the extent Nelson contends that he is permanently disabled due to his physical impairments, Judge Lenzi did not find that Nelson's physical impairments met the criteria of a listed impairment under the applicable regulations. Judge Lenzi recognized Nelson's physical impairments and concluded that Nelson was able to work with limitations. Nelson has not shown that Judge Lenzi erred. See 20 C.F.R. § 416.920(a)(4) (setting forth evaluation process for disability determination).